UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn on May 7, 2012

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| | : |
| | : UNDER SEAL |
| v. | : |
| | : 21 U.S.C. §§ 959, 960, 963 |
| | : (Conspiracy to Manufacture or |
| JAIRO ESTUARDO ORELLANA- | : Distribute Five Kilograms or More of |
| MORALES, | : Cocaine, Intending or Knowing that |
| also known as "Jairo Pelon" and "El | : the Cocaine Will be Unlawfully |
| Pelon," | : Imported into the |
| | : United States) |
| | : |
| Defendant. | : 18 U.S.C. §§ 924(c)(1)(A)(i), |
| | : 924(c)(1)(A)(ii), 924(c)(1)(B)(ii) |
| | : (Use and Possession of a Firearm) |
| | : |
| | : 18 U.S.C. § 2 |
| | : (Aiding and Abetting) |
| | : |
| | : 21 U.S.C. § 853, |
| | : 21 U.S.C. § 970 |
| | : (Forfeiture) |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE

From in or about January 2004, and continuing thereafter, up to and including the time of the filing of this Indictment, the dates being approximate and inclusive, in the countries of Colombia, Guatemala, Mexico and elsewhere, the defendant **JAIRO ESTUARDO ORELLANA-MORALES, also known as "Jairo Pelon" and "El Pelon,"** and others known and unknown to the Grand Jury, did knowingly, willfully, and intentionally conspire to commit

the following offenses against the United States, to wit: (1) to knowingly, willfully, and intentionally manufacture or distribute 5 kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21 United States Code, Section 959 and 960(b)(1)(B)(ii); all in violation of Title 21 United States Code, Section 963 and Title 18, United States Code, Section 2.

>(Conspiracy to Manufacture or Distribute Five Kilograms or More of Cocaine, Intending or Knowing that the Cocaine Will be Unlawfully Imported into the United States.)

## COUNT TWO

From in or about January 2004, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, the defendant **JAIRO ESTUARDO ORELLANA-MORALES, also known as "Jairo Pelon" and "El Pelon,"** did knowingly and intentionally use, carry and brandish firearms, including destructive devices, during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess firearms, including destructive devices, in furtherance of such drug trafficking crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and Title 18, United States Code, Section 2.

>(Use and Possession of a Firearm.)

## CRIMINAL FORFEITURE ALLEGATION
### As to Count One

The United States hereby gives notice to the defendant that upon conviction of the Title 21 offenses alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendant and his co-conspirators obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendant and his co-conspirators obtained directly or indirectly as a result of the Title 21 offense charged in this Indictment, and all property used or intended to be used to facilitate such offenses, that is, not less than a sum of money representing the amount of funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the defendant and his co-conspirators in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendant –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21, U.S.C. § 853(p) to seek forfeiture of any other property of the said defendant up to the value of the above forfeitable property.

    (Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A True Bill.

_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530

By:
_____
Michael N. Lang
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530